%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____  District of _____ New York

Felipe Santiago Ramales, Individually and on
Behalf of All Other Persons Similarly Situated

V.

Justin Timberlake, Trace Ayala, Eytan Sugarman,
Southern Hospitality Xanadu LLC, 1460 Second
Avenue Restaurant Group, LLC, and John Does
#1-10, Jointly and severally

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 9890

**JUDGE BATTS**

TO: (Name and address of Defendant)

Justin Timberlake, Trace Ayala, Eytan Sugarman, Southern Hospitality
Xanadu LLC, 1460 Second Avenue Restaurant Group, LLC, and John
Does #1-10, 1460 Second Avenue, New York, New York, 10075

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Gottlieb & Associates, Jeffrey M. Gottlieb, Esq., 150 East 18th Street,
Suite PHR, New York, New York, 10003

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

NOV 1 4 2008

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
          Date                 *Signature of Server*

                         *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

**08 CV 9890**

FELIPE SANTIAGO RAMALES, Individually
and on Behalf of All Other Persons
Similarly Situated,

Plaintiffs,

-against-

**CLASS ACTION
COMPLAINT**

JUSTIN TIMBERLAKE, TRACE AYALA,
EYTAN SUGARMAN, SOUTHERN HOSPITALITY
XANADU LLC, 1460 SECOND AVENUE
RESTAURANT GROUP, LLC And JOHN DOES # 1-10,
Jointly and Severally,

Defendants.

---------------------------------------------------------------X

Plaintiff, through his attorneys, complaining of Defendants, alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and

former employees, classified by Defendants as wait staff and other comparable positions

with different titles, that they are: (i) entitled to unpaid minimum wages, unpaid wages

for overtime work for which they did not receive overtime premium pay as well as

misappropriated tips and/or gratuities (pursuant to New York Labor Law §196-d) (as set

forth by *Samiento v. World Yacht, Inc.*, N.Y. Ct. of App., 2/14/08) and (ii) entitled to

liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201

et seq.

2. Plaintiff further complains, on behalf of himself and other similarly situated

current and former employees, that they are entitled to unpaid minimum wages, unpaid

wages for overtime work for which they did not receive overtime premium pay, unpaid

spread of hours pay, as required by New York Labor Law §§650 *et seq.*, including Part 142, §142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) and misappropriated tips and/or gratuities in violation of New York Labor Law §196-d.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

4. The Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendants' principal place of business is in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

7. Plaintiff, Felipe Santiago Ramales ("Plaintiff" or "Ramales") resides in Bronx County, New York.

8. Plaintiff regularly worked for Defendants in excess of forty (40) hours per workweek, without receiving minimum wages, overtime compensation, spread of hours pay and Defendants also misappropriated his tips and/or gratuities in violation of the New York Labor Law and the FLSA.

9. Upon information and belief, Defendant, Southern Hospitality Xanadu LLC ("Southern Hospitality"), is a corporation organized and existing in the State of New York.

10. Upon information and belief, Defendant, Southern Hospitality, owns and operates a restaurant.

11. Upon information and belief, Defendant, Southern Hospitality, has a principal place of business at 1460 Second Avenue, New York, New York, 10075, New York County in the State of New York.

12. Upon information and belief, Defendant, 1460 Second Avenue Restaurant Group, LLC ("1460"), is a corporation organized and existing in the State of New York.

13. Upon information and belief, Defendant, 1460, owns and operates a restaurant.

14. Upon information and belief, Defendant, 1460, has a principal place of business at 1460 Second Avenue, New York, New York, 10075, New York County in the State of New York.

15. Upon information and belief, Defendants, Justin Timberlake ("Timberlake"), Eytan Sugarman ("Sugarman") and Trace Ayala ("Ayala") own, operate and/or control the day to day operations and management of Southern Hospitality and/or 1460 and conduct business at 1460 Second Avenue, New York, New York, 10075 and jointly employed Plaintiff and other similarly situated employees at all relevant times.

16. The addresses of the individual defendants are presently unknown but their business addresses are at 1460 Second Avenue, New York, New York, 10075.

17. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with Defendants.

18. Upon information and belief, each Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each Defendant is an enterprise because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each Defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.

19. Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees; controlled Plaintiff's work schedule and conditions of employment; determined the rate and method of his payment; and kept at least some records regarding his employment.

## COLLECTIVE ACTION ALLEGATIONS

20. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since November 13, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were wait staff and other comparable positions

- 4 -

with different titles and were non-exempt employees within the meaning of the FLSA and who received no minimum wages, no overtime at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek and/or did not receive tips and/or gratuities collected by Defendants for and on their behalf (the "Collective Action Members").

21. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 50 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

22. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

23. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

- 5 -

24. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

      a. whether Defendants employed the Collective Action Members within the meaning of the FLSA;

      b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

      c. whether Defendants failed to post or keep posted a notice explaining minimum and/or overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

      d. whether Defendants failed to pay the Collective Action Members minimum wages and/or overtime compensation for hours worked in excess of forty hours per workweek in violation of the FLSA and the regulations promulgated there under;

      e. whether Defendants improperly withheld tips and/or gratuities, in violation of 29 U.S.C. §203(m);

      f. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

      g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

- 6 -

      h.  whether Defendants should be enjoined from such violations of the

           FLSA in the future.

25. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

26. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

27. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since November 13, 2002, in the State of New York, to the entry of judgment in this case (the "Class Period"), who were wait staff and other comparable positions with different titles and non-exempt employees within the meaning of the New York Labor Law and have not been paid minimum wages, overtime wages, spread of hours pay and/or who did not receive tips and/or gratuities in violation of the New York Labor Law (the "Class").

28. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 50 members of Class during the Class Period.

29. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual

plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants.

30. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

31. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

32. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

33. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a. whether Defendants employed the members of the Class within the meaning of the New York Labor Law;
>
> b. what proof of hours worked is sufficient where employers fail in their duty to maintain time and/or pay records;
>
> c. whether Defendants failed and/or refused to pay the members of the Class minimum wages, time and one-half for all hours worked in excess of forty hours per workweek and/or spread of hours pay;
>
> d. whether Defendants withheld tips and/or gratuities within the meaning of the New York Labor Law in violation of New York Labor Law §196-d;
>
> e. whether Defendants failed to post the notice required by New York Labor Law §198-d;

- 8 -

f. whether Defendants violated New York Labor Law §§ 191, 193 and/or 195;

g. whether the individual Defendants participated in the day to day management of Defendant and are "joint employers" and liable to Plaintiffs;

h. whether the Defendants' actions, as alleged, were willful or with reckless disregard of the law;

i. whether Defendants and Individual Defendants are liable to Plaintiffs for compensatory damages, interest, costs and disbursements and attorneys' fees;

j. whether the Statute of Limitations should be estopped or tolled due to Defendants' statutory violations; and

k. whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

34. Plaintiff was a busboy employed by Defendants from on or about July, 2007 until on or about June, 2008 (the "time period").

35. Upon information and belief, Plaintiff worked more than 10 hours a day for Defendants.

36. Upon information and belief, Defendants, John Does #1-10 are officers, directors and/or managing agents of Defendants and participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29

- 9 -

C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Defendants.

37. Upon information and belief, Defendants charged, levied upon, assessed, imposed and/or collected from its customers an amount equal to twenty (20%) per cent of its customary fees ("Gratuity") for parties of 6 or more guests, private parties and banquets and said Gratuity was separately itemized on customer statements.

38. Upon information and belief, Defendants either told, led or allowed its customers, to believe that the additional charge is a Gratuity for and on behalf of their employees.

39. Defendants are required by Labor Law §196-d to remit Gratuities in their entirety to their appropriate employees.

40. Upon information and belief, Defendants retained all or a substantial portion of the Gratuities that it received from customers without paying same to Plaintiff and the other members of the class.

41. Upon information and belief, Defendants did not inform Plaintiff and/or the similarly situated employees of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

42. Upon information and belief, Defendants unlawfully redistributed part of Plaintiff's tips to employees in positions that do no customarily and regularly receive tips.

43. Upon information and belief, Defendants imposed upon Plaintiff and/or similarly situated employees a tip redistribution or sharing scheme to which they had never agreed.

44. Upon information and belief, as a result of the aforesaid, Defendants' customers were discouraged from leaving additional tips to the Plaintiff and the other members of the class who would usually expect to receive tips from customers for the type of service provided.

45. Upon information and belief, Defendants violated Labor Law §191(1)(a) by failing to pay Plaintiff and other members of the class weekly as required by statute.

46. Upon information and belief, Defendants violated Labor Law §195(1) by failing to notify Plaintiff and other members of the class at the time of hiring of the rate of pay and of the regular pay day designated Defendants.

47. Upon information and belief, Defendants violated Labor Law §195(3) by failing to furnish each Plaintiff and other members of the class with a statement with every payment of wages, listing gross wages, deductions and net wages, and an explanation of how such wages were computed.

48. Upon information and belief, Defendants violated Labor Law §195(4) by failing to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

49. Upon information and belief, Defendants violated Labor Law §198-d by failing to post as required by statute.

50. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

51. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

- 11 -

52. Plaintiff often worked in excess of 40 hours a week, yet Defendants willfully failed to pay Plaintiff and other wait staff employees minimum wages, overtime compensation of one and one-half times their regular hourly rate, spread of hours pay and/or failed to remit to Plaintiff and other similarly situated employees tips and/or gratuities in violation of the FLSA and the supporting New York State Department of Labor Regulations.

53. Upon information and belief, it is Defendants' uniform policy and procedure not to pay compensation to Plaintiff and other members of the class minimum wages, overtime compensation, spread of hours pay and/or to fail to remit to Plaintiff and other members of the class tips and/or gratuities.

54. Plaintiff commenced his employment with the Defendants on or about July, 2007 until on or about June, 2008. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

55. Such individuals have worked in excess of 40 hours a week, yet Defendants have likewise willfully failed to pay them minimum wages, overtime compensation of one and one-half times their regular hourly rate, spread of hours pay and/or failed to remit to them tips and/or gratuities in violation of the FLSA and the supporting New York State Department of Labor Regulations. As stated, the exact number of such individuals is

presently unknown, but within the sole knowledge of Defendants and can be ascertained through appropriate discovery.

56. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, Defendants failed to maintain accurate and sufficient time records.

57. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

58. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

59. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§203(a), (m), 206(a) and 207(a).

60. At all relevant times, Defendants employed and/or continued to employ, Plaintiffs within the meaning of the FLSA.

61. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

62. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b). Plaintiff's written consent is attached hereto and incorporated by reference.

63. At all relevant times, Defendants had a policy and practice of refusing to pay to its employees minimum wages, overtime compensation for their hours worked in

- 13 -

excess of forty hours per workweek and/or failed to remit Gratuities received for and on their behalf.

64. As a result of Defendants' willful failure to compensate its employees, including Plaintiff, minimum wages, overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek and/or the retention of Gratuities, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq*., including 29 U.S.C. §§207(a)(1) and 215 (a).

65. Upon information and belief, at all relevant times, Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of 29 C.F.R. § 516.4.

66. As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiffs, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq*., including 29 U.S.C. §§207(a)(1) and 215(a).

67. Upon information and belief, Defendants unlawfully redistributed portions of the tips received by on for and on behalf of Plaintiff and the Class Members to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. §203(m) and supporting regulations.

68. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

69. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation and/or

- 14 -

gratuities received and not remitted, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

70. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

71. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

72. Defendants willfully violated Plaintiff's rights by failing to pay him minimum wages, overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, an additional hour of pay for each hour worked in excess of ten hours in one day ("spread of hours") and/or failed to remit to him tips and/or gratuities, in violation of the New York Labor Law and its regulations.

73. Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

74. Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises, a notice issued by the New York State Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, the regulations in 12 N.Y.C.R.R. §137-2.3.

75. Upon information and belief, Defendants failed to furnish Plaintiff and the Class Members a statement with every payment of wages listing hours worked, rates

- 15 -

paid, gross wages, in violation of the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, the regulations in 12 N.Y.C.R.R. §137-2.2.

76. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, additional pay for spread of hours, unpaid tips and/or gratuities, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1). Plaintiffs waive liquidated damages pursuant to the New York Labor Law to the extent that a class action is alleged.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court grant the following relief:

a.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statue of limitations;

c.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.   An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.   An award of unpaid minimum wages and overtime compensation and/or unpaid tips and/or gratuities under the FLSA and the New York Labor Law and spread of hours pay due under the New York Labor Law;

f.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages, overtime compensation and/or failure to remit gratuities pursuant to 29 U.S.C. § 216;

g.   An award of prejudgment and post-judgment interest;

h.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
November 12, 2008

Jeffrey M. Gottlieb, Esq.

Attorneys for Plaintiffs

- 17 -

Gottlieb & Associates
Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212)228-9795
Fax: (212)982-6284

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Southern Hospitality_ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Felpe S. Ramales          11/11/08          Felipe S. Ramales
Signature                 Date              Print Name